**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MIRAGE IP LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **MICROVENTION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Mirage IP LLC ("Mirage IP" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant MicroVention, Inc., (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Mirage IP, from U.S. Patent Nos. 6,375,629 (the "'629 patent", attached hereto as Exhibit "A") and 6,958,059 (the "'059 patent", attached hereto as Exhibit "B") (collectively the "Patents-in-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff Mirage IP is a Texas entity with its principal place of business at 6800 Weiskopf Ave., Suite 150, McKinney, TX 75070.

3. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Delaware, with a principal place of business at 1311 Valencia Avenue Tustin, CA 92780. Upon information and belief, Defendant can be served with process at Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, including having the right to transact business in Texas, as well as because of the injury to Mirage IP, and the cause of action Mirage IP has risen, as alleged herein.

6. Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business and purposeful availment of this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

7. Upon information and belief, Defendant, directly and/or through its employees or agents, and/or its customers, makes, uses, sells and/or offers to sell products, as defined below, with the knowledge and/or understanding that such products are used or will be used in this District. For example, the accused products are available in this district through Defendant's

website.[1] Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant is subject to personal jurisdiction in this district, has regularly conducted business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

### *The '629 patent*

9. On April 23, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '629 patent, entitled "Core Wire with Shapeable Tip" after a full and fair examination. (Exhibit A).

10. Mirage IP is presently the owner of the patent, having received all right, title and interest in and to the '629 patent from the previous assignee of record. Mirage IP possesses all rights of recovery under the '629 patent, including the exclusive right to recover for past infringement.

11. The '629 patent contains five (5) independent claims and twelve (12) dependent claims.

12. The '629 patent claims, *inter alia*, a core wire having proximal and distal sections comprising means for flexibility in the proximal section; and means for shapeability in the distal section, said shapeability means including a cold-worked tip.

---

[1] http://www.microvention.com/index.php?id=27.

13. Defendant commercializes, *inter alia*, core wires that include each and every element and/or performs each and every step of at least one claim of the ‘629 patent.

***The ‘059 patent***

14. On October 25, 2005, the United States Patent and Trademark Office (“USPTO”) duly and legally issued the ‘059 patent, entitled “Methods and Apparatuses for Drug Delivery to an Intravascular Occlusion” after a full and fair examination. (Exhibit B).

15. Mirage IP is presently the owner of the patent, having received all right, title and interest in and to the ‘059 patent from the previous assignee of record. Mirage IP possesses all rights of recovery under the ‘059 patent, including the exclusive right to recover for past infringement.

16. The ‘059 patent contains two (2) independent claims and four (4) dependent claims.

17. The ‘059 patent claims, *inter alia*, a method for treating an intravascular occlusion.

18. Defendant commercializes catheters that, when used, result in the performance of each step of at least one claim of the ‘059 patent.

**DEFENDANT’S PRODUCTS**

***The ‘629 patent***

19. The accused products include, but are not limited to, the “Traxcess Guidewire” (the “Accused Product”). As shown in Defendant’s promotional materials, the Accused Product comprises a core wire having proximal and distal sections.[2]

---

[2] *Id.*

20. As shown in Defendant's promotional materials, the Accused Product comprises means (e.g., stainless steel proximal core wire at proximal end of the core wire) for flexibility in the proximal section.[3]

21. As shown in Defendant's promotional materials, the Accused Product comprises means for shapeability in the distal section, said shapeability means including a cold-worked tip (e.g., Chromium-enriched nitinol at distal section of the core wire).[4]

22. The elements described in paragraphs 19-21 are covered by at least claim 17 of the '629 patent.

***The '059 patent***

23. Defendant commercializes catheters, such as the Scepter C ("Accused Instrumentality"), that when used, result in the performance of each step of at least claim 1 of the '059 patent.[5] At least during internal testing, Defendant uses a method for treating an intravascular occlusion with the Accused Instrumentality.

24. At least during internal testing, Defendant practices delivering a catheter having a proximal end, a distal end, a lumen and an occlusion device (e.g., balloon of the Accused Instrumentality) on the distal end of the catheter.[6]

25. At least during internal testing, Defendant practices actuating an occlusive device (e.g., inflating the balloon of the Accused Instrumentality) at a location distal to the intravascular occlusion to at least partially occlude blood flow through a vessel.[7]

26. At least during internal testing, Defendant practices delivering a drug-containing fluid through the lumen of the Accused Instrumentality and out at least one hole in a proximal

---

[3] *Id.*
[4] *Id.*
[5] http://www.microvention.com/index.php?id=31
[6] *Id.*
[7] *Id.*

face of the occlusive device (i.e., tip of the Accused Instrumentality), such that the drug-containing fluid is delivered in a distal to proximal direction of the Accused Instrumentality.[8]

27. The elements described in paragraphs 23-26 are covered by at least claim 1 of the ‘059 patent.

**COUNT I - INFRINGEMENT OF THE ‘629 PATENT**

28. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 27.

29. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the ‘629 patent.

30. Defendant has had knowledge of infringement of the ‘629 patent at least as of the service of the present complaint.

31. Defendant has directly infringed and continues to directly infringe at least claim 17 of the ‘629 patent by using, making selling and/or offering to sell the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. For example, Defendant sells, offers to sell and advertises the Accused Product through a website that is available in Texas.[9] As a direct and proximate result of Defendant’s direct infringement of the ‘629 patent, Plaintiff has been and continues to be damaged.

32. By engaging in the conduct described herein, Defendant has injured Mirage IP and is thus liable for infringement of the ‘629 patent, pursuant to 35 U.S.C. § 271.

33. Defendant has committed these acts of infringement without license or authorization.

---

[8] *Id.*

[9] http://www.microvention.com/index.php?id=27.

34. As a result of Defendant's infringement of the '629 patent, Mirage IP has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

35. Mirage IP will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Mirage IP is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## COUNT II - INFRINGEMENT OF THE '059 PATENT

36. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 36.

37. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '059 patent.

38. Defendant has had knowledge of infringement of the '059 patent at least as of the service of the present complaint.

39. Defendant has directly infringed at least claim 1 of the '059 patent by using the Accused Instrumentality without authority in the United States, during the period in which the '059 patent was unexpired, causing damages to Plaintiff for that period of time. For example, and upon information and belief, Defendant performed each step recited in claim 1 of the '059 patent during internal testing in order to ensure compliance with the Food and Drug Administration's regulations of medical devices.[10]

40. By engaging in the conduct described herein, Defendant has injured Mirage IP and is thus liable for infringement of the '059 patent, pursuant to 35 U.S.C. § 271.

---

[10] http://www.fda.gov/MedicalDevices/DeviceRegulationandGuidance/Overview/#qs

41. Defendant has committed these acts of infringement without license or authorization.

42. As a result of Defendant's infringement of the '059 patent, Mirage IP has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

**DEMAND FOR JURY TRIAL**

43. Mirage IP demands a trial by jury of any and all causes of action.

**PRAYER FOR RELIEF**

WHEREFORE, Mirage IP prays for the following relief:

1. That Defendant be adjudged to have infringed the Patents-In-Suit patent directly, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '629 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Mirage IP for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement of the '629 patent, including compensatory damages;

4. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Mirage IP for the Defendant's past infringement of the '059 patent, including compensatory damages.

5. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

6. That Defendant be directed to pay enhanced damages, including Mirage IP's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

7. That Mirage IP have such other and further relief as this Court may deem just and proper.

Dated: May 2, 2017

Respectfully Submitted,

By: _/s/Eugenio J. Torres-Oyola_
Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
Ferraiuoli LLC
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF**
**MIRAGE IP LLC**